IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | 02: 05cr219 |
| ) | |
| THOMAS EDWARD THROCKMORTON ) | |

**MEMORANDUM ORDER OF COURT**

Presently before the Court for disposition are three Motions in Limine, with brief in support, filed by Defendant, Thomas Edward Throckmorton (Document Nos. 33, 34, and 35, respectively). The government has filed an omnibus Response to these motions (*Document No. 38*).

After consideration of the filings of the parties, and the relevant statutory and case law, the Court makes the following rulings.

**DEFENDANT'S FIRST MOTION IN LIMINE (*Document No. 33*)**

Defendant's criminal record reveals prior convictions in Allegheny County, Pennsylvania, at CC200216209, for one Count of Simple Assault and One Count of Terroristic Threats. In his first motion in limine, Defendant requests that the government be precluded from introducing any evidence of these prior convictions pursuant to Rule 404(b) of the Federal Rules of Evidence.

The government responds that it "intends to offer evidence of the defendant's prior convictions a trial" and requests "that a ruling on this matter be postponed until such time as the issue becomes ripe for determination." Govt's Resp. at ¶¶ 15, 17.

Under the Federal Rules of Evidence, an accused's prior bad acts are inadmissible to prove that the defendant had a propensity for criminal behavior. Fed. R. Evid. 404(a). A jury may not draw the inference that because a defendant committed a crime previously, he committed the crime for which he is currently on trial. Fed. R. Evid. 404(b). However, there are purposes for which evidence of prior convictions may be admissible substantively. Under Rule 404(b),

> [e]vidence of other crimes . . . is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. . . .

*Id.* Thus, prior convictions are only admissible if they fall within the second sentence of Rule 404(b). The government has not proffered any "other purpose," under Rule 404(b) for which such evidence would be admissible in this case, other than to state that "[a]ll convictions for serious offenses have some probative value as they are indicative of a tendency on the part of the defendant to put his desires above those of society, . . . ." Govt's Resp. at ¶ 4.

The Court has considered the probative value of this proposed evidence as well as the prejudicial effect of admitting same and finds that the risk of prejudice to the Defendant from such evidence is substantial and far outweighs its probative value. Accordingly, the Court finds and rules that Defendants' prior convictions for assault and terroristic threats are inadmissible in the government's case-in-chief.

However, Rule 609(a) controls the question of whether an accused may be impeached by the government through the introduction of evidence concerning his prior conviction(s). Conviction of a crime punishable by imprisonment in excess of one year under

the law under which the witness was convicted may be used to impeach a defendant's credibility in the circumstances set forth in Rule 609(a)(1).  Therefore, the Court will reserve a ruling as to whether such evidence may be admitted on cross examination if the Defendant takes the witness stand and testifies.

Defendant's First Motion in Limine is **GRANTED** to the extent that Defendant's prior criminal convictions for Simple Assault and Terroristic Threats may not be introduced in the government's case-in-chief.

### *Defendant's Second Motion in Limine* (Document No. 34)

Defendant seeks to prevent the government from introducing any testimony and/or evidence which pertains to prior trips to Arizona by Robert Gailey ("Gailey") to secure marijuana for Defendant.  Defendant argues that such testimony and/or evidence is not admissible pursuant to Federal Rule of Evidence 404(b) and further should be excluded under Rule 403 because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and potential to mislead the jury.

The government responds that "this testimony clearly establishes the relationship between the defendant and the driver of Defendant's truck.  Further, this testimony would establish that the instant case is not a one-time occurrence between the defendant and the driver of the truck."  Govt's Resp. at ¶ 19.  The government additionally states that it also intends to introduce evidence of a conversation between Defendant and Gailey regarding a request by Defendant for a future trip to Arizona to be made by Gailey to transport marijuana back to Pittsburgh on behalf of the Defendant.  "The government avers that all of this evidence is part

and parcel of the same occurrence of events, part of the same crime and not separate incidents or separate bad acts." *Id.* at ¶ 21.

Evidence which is not part of the crime charged, but pertains to the chain of events explaining the context, motive, and setup of the crime, is properly admitted, if linked in time and circumstances with the charged crime. *See United States v. Williford*, 764 F.2d 1493 (11th Cir. 1985). During the suppression hearing, Robert Gailey's testimony was laced with facts which pertained to (i) his prior trip to Arizona and (ii) his conversation with the Defendant and others regarding a proposed subsequent trip to Arizona.

The Court finds and rules that evidence of Gailey's prior trip to Arizona, the conversation between Gailey and Defendant relating to a proposed subsequent trip to Arizona, as well as the actual testimony of Gailey, a key prosecution witness, is relevant to provide necessary background information, to show an ongoing relationship between Gailey and the Defendant, and to help the jury understand Gailey's role in the scheme. *See United States v. Simmons*, 679 F.2d 1042, 1050 (3d Cir. 1982), *cert. denied by Brown v. United States,* 462 U.S. 1134 (1983); *United States v. Dansker,* 537 F.2d 40, 57-58 (3d Cir. 1976), *cert. denied*, 429 U.S. 1038 (1977). Also, such testimony may establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake under Rule 404(b).

Accordingly, Defendant's Second Motion in Limine is **DENIED.**


### DEFENDANT'S THIRD MOTION IN LIMINE *(Document No. 35)*

In his third motion in limine, Defendant requests that the Court preclude the government from introducing any evidence from an "unconfirmed source" that one week prior

to the execution of the search warrant in this case Defendant was storing 300 pounds of marijuana at his business located at 1001 Merchant Street, Ambridge, Beaver County, Pennsylvania.[1]  Defendant argues that the unconfirmed information is not only hearsay, but is also not admissible for any other purpose pursuant to Rule 404(b) of the Federal Rules of Evidence.

The government responds that "[t]he testimony about the defendant storing marijuana tells the full story about the defendant, provides 'necessary background information,' and helps to explain the relationships between the parties."  Govt's Resp. at ¶ 35.

The problem with the government's position, however, is that the information in the Affidavit is unequivocal hearsay.  Accordingly, the Defendant's Third Motion in Limine is **GRANTED** and the government is precluded from using any unconfirmed source information that the Defendant was storing 300 pounds of marijuana at his business one week prior to the execution of the search warrant in this case.

So **ORDERED** this 1st day of March, 2006.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

---

[1] A search by the Pennsylvania State Police of Defendant's business on July 18, 2005, failed to reveal any drugs or marijuana.

cc:      Charles F. Bowers, III, Esquire
         Bowers & Ross
         Email: chadbowers@brf-law.com

         James J. Ross, Esquire
         Bowers & Ross
         Email: jross@brf-law.com

         Almon S. Burke, Jr.,
         Assistant U.S. Attorney
         Email: almon.burke@usdoj.gov