IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.              )<br>)<br>THOMAS EDWARD THROCKMORTON ) | 02: 05cr219 |

**MEMORANDUM ORDER OF COURT**

Presently before the Court for disposition is the MOTION FOR DEFENSE WITNESS IMMUNITY, with brief in support (*Document No. 39*), to which the government has not responded.  For the reasons that follow, the Motion will be denied.

Defendant, Thomas Edward Throckmorton, was indicted by a Grand Jury on July 26, 2005, and charged with one count of illegal possession with intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana, in violation of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(B)(vii).

The charges originate from a July 18, 2005 traffic stop on Interstate 44 in Phelps County, Missouri, of a GMC truck, registered to Industrial Construction Enterprise of 1001 Merchant Street, Ambridge, Pennsylvania, Defendant's business.  The truck was driven by Robert Gailey ("Gailey"), Defendant's employee.  Gailey provided the information that was utilized in the probable cause affidavits for searches of Defendant's business and residence. Gailey also testified for the government at the Suppression Hearing which was held in this case on November 15, 2005.

At the suppression hearing, Gailey testified on cross-examination that he was cooperating with the Government to protect his "brother, the guys that work for us."    In the subject motion, Defendant contends that "the guys that work" for Gailey and his brother are

Dale Van Artsdalen ("Van Artsdalen") and Matt Grant ("Grant"), who both also work for Defendant at Industrial Construction Enterprise, and he seeks court-ordered judicial immunity for the proposed testimony of these two witnesses.

In *Government of the Virgin Islands v. Smith*, 615 F.2d 964 (3d Cir. 1980), the United States Court of Appeals for the Third Circuit "announced a rule of fundamental fairness requiring a trial court to immunize a potential defense witness 'when it is found that [he] can offer testimony which is clearly exculpatory and essential to the defense case and when the government has no strong interest in withholding use immunity." *United States v. Sampson,* 661 F. Supp. 514, 517 (W. D. Pa. 1987).

In *Smith,* the Court of Appeals held that under the Due Process Clause of the United States Constitution, a court should grant use immunity to a defense witness who refuses to testify for fear of self-incrimination when the following five requirements are met:

> [I]mmunity must be properly sought in the district court; the defense witness must be available to testify; the proffered testimony must be clearly exculpatory; the testimony must be essential; and there must be no strong governmental interests which countervail against a grant immunity.

*Smith,* 615 F.2d at 972.[1] The appellate court emphasized that use of this judicial power must be "clearly limited."

*Smith* remains the law in the Third Circuit, but the Court notes that each time our appellate court has reexamined its holding in *Smith,* it has found that the facts of Smith are

---

[1] The appellate court did not define the terms "clearly exculpatory" or "essential." However, the facts of *Smith* and *Chambers v. Mississippi*, 410 U.S. 284 (1973) upon which the Court of Appeals relied, and *United States v. Lowell*, 649 F.2d 950 (3d Cir. 1981), suggest that the testimony must be much more than evidence that has some tendency to negate an element of the government's case.

distinguishable and that the district court did not err in failing to grant judicial immunity to a defense witness. *See United States v. Thomas,* 357 F.3d 357 (3d Cir. 2004); *United States v. Santtini,* 963 F.2d 585 (3d Cir. 1992); *United States v. Ammar,* 714 F.2d 238 (3d Cir. 1983); *United States v. Lowell*, 649 F.2d 950 (3d Cir. 1981). Further, our appellate court has specifically limited *Smith* to the facts therein and has noted that the holding in *Smith* has been "flatly rejected" by other appellate courts. *See United States v. Santtini*, 963 F.2d 585, 598 n. 6 (3d Cir. 1992) ("It should be noted that *Smith* has subsequently been limited to its particular facts by this court . . . . Moreover, other courts of appeals to consider the possibility of a court's inherent authority to immunize a witness have flatly rejected the result reached in *Smith.*" ). In fact, the Court is not aware of any case in which a district court has *actually* granted a defense request for judicial immunity.

Defendant contends that all five requirements of *Smith* are met in the instant case. The Court does not agree. First, it clearly appears from Defendant's filing that both witnesses are available to testify and will be issued a subpoena to testify at trial. There is no indication in Defendant's motion that either of the proposed witnesses has refused to testify for fear of self incrimination. In fact, Defendant states that "the government has promised not to prosecute them in exchange for Robert Gailey's cooperation and testimony." Affidavit of James J. Ross, at ¶ 25. The Court leaves that choice to the discretion of the government.

Next, as our court of appeals stated in *United States v. Ammar*, 714 F.2d 238, 251 n. 8 (3d Cir. 1983), judicial immunity is properly denied where the exculpatory nature of the proffered testimony is "at best speculative." In the instant matter, even if Van Artsdalen and Grant testify as expected, the fact remains that Gailey's expected testimony at trial, as well as

his testimony during the suppression hearing, undercuts the proffered testimony of these two witnesses. Gailey previously testified that he traveled to Arizona at the direction and expense of Defendant. Therefore, because a credibility determination will need to be made by the fact finder, the Court can not find that the proffered testimony of Van Artsdalen and/or Grant is "clearly exculpatory."

Lastly, the Court finds that although the proffered testimony of Van Artsdalen and/or Grant may be clearly incriminating to Gailey and affect his credibility, the proffered testimony is not "clearly exculpatory" as it relates to Defendant.

For these reasons, the Motion for Defense Witness Immunity filed by Defendant is **DENIED.**

So **ORDERED** this 3rd day of March, 2006.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:	Charles F. Bowers, III, Esquire
	Bowers & Ross
	Email: chadbowers@brf-law.com

	James J. Ross, Esquire
	Bowers & Ross
	Email: jross@brf-law.com

	Almon S. Burke, Jr.,
	Assistant U.S. Attorney
	Email: almon.burke@usdoj.gov