IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | 02: 05-cr-0219 |
| ) | |
| THOMAS EDWARD THROCKMORTON ) | |

**ORDER OF COURT**

Before the Court is the MOTION TO RECONSIDER APPOINTMENT OF COUNSEL filed by Defendant Thomas Edward Throckmorton, *pro se*.

Defendant requests that the Court vacate its Order of Court entered July 15, 2009, in which the Court denied Defendant's request for appointment of counsel under 18 U.S.C. § 3006A.

The Court finds and rules that Defendant has presented no extraordinary circumstances or arguments which meet the high standard required to justify reconsideration. Generally, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) it is necessary to correct a clear error of law or to prevent manifest injustice. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986). Defendant has pointed to no intervening change in controlling law, new evidence, a clear error of law, or manifest injustice. Rather, Defendant simply disagrees with the Court's conclusion.

Defendant continues to advance the same arguments that he made in his original Motion for Appointment of Counsel, although with greater specificity as to his spouse's monthly income needs. Nevertheless, the Court's finding that "Defendant has adequate net

financial resources and income sufficient to obtain qualified counsel" has not changed. Said arguments were previously given due consideration, but not credited by this Court. Motions for reconsideration are not designed to provide litigants with a second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995). Therefore, the Court finds that the arguments raised in the instant motion do not warrant further analytical discussion.

Fatal to the pending motion, nothing but greater detail to the basic facts has been supplemented to the record by the Motion for Reconsideration, which does not justify the granting of same.

**AND NOW**, this 5th day of August, 2009, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that the MOTION TO RECONSIDER APPOINTMENT OF COUNSEL filed by Defendant, pro se, is hereby **DENIED.**

### NOTICE OF MAIL DELAY
(Document No. 117)

In his Notice of Mail Delay, Defendant requests a sixty day (60) extension of time in which to reply to the government's response to his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. By Order of July 15, 2009, the Court granted Defendant an extension until August 18, 2009, in which to reply to the government's response to his Motion to Vacate. Therefore, the Court will grant an additional extension of time until **September 30, 2009** in which Defendant may reply to the government's response to his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255.

So **ORDERED** this 5th day of August, 2009.

                                          BY THE COURT:

                                          <u>s/Terrence F. McVerry</u>
                                          United States District Court Judge

cc:       Almon S. Burke , Jr.
           Assistant U.S. Attorney
           Email: almon.burke@usdoj.gov

           Thomas Edward Throckmorton
           Reg # 08614-068
           FCI Fort Dix
           Post Office Box 2000
           Fort Dix, NJ 08640